## NEW TRIALS.

---

JACOB R. DAVIS, Guardian of ERASMUS, claiming his freedom, *vs.*
The Executors of SAMUEL HALE.

### *Trespass, in Nature of Ravishment of Ward.*

A verdict's being against evidence is not a ground for a new trial, where testimo-
ny, on both sides, has been submitted to the Jury, on which they might find
either way. Nor, where there have been two concurrent verdicts, and no rule
of law violated.

In this case, there have been two concurring verdicts, in favor of
the plaintiff, establishing his freedom ; and a motion for a new trial
is now made, upon the following ground :—"That the verdict is
"against evidence, inasmuch as no sufficient proof was offered, of
"the freedom of the plaintiff's ward." The proofs, offered in the
case, were of a contrary character. According to one set of wit-
nesses, the boy, Erasmus, was said to be the son of a white woman ;
and from other evidence of pedigree, it was said, that he was the son
of a white man, who left him free at twenty-one years of age. And in
addition to these two contradictory tales, it was further proven, that
the boy had been left in the care of some person, in South Carolina,
not in the character of a slave, but more in the character of a free
person of color. But how the boy got out of the possession of that
person, and came to this State, does not appear. And the next we
hear of him is in this State, in possession of Benjamin Sims, exercis-
ing acts of ownership over him, as a slave, and who sold him as such,
to the person who now claims him, as his slave, by purchase from
Sims. But whilst the boy was held by Sims, it was proved, by one
witness, that *Sims said*, he had no right to hold the boy, after he
arrived at the age of twenty-one years, or words to this effect. And
this is the substance of the evidence, adduced on the trial.

The rule for granting new trials, upon the ground of a want of
evidence, is that there is no evidence, upon which the verdict of the
Jury can be supported. But, if there be any evidence to support the
verdict, although it may be contradictory, and even if the Court

[Davis vs. Hale's Ex'rs.]

should be of opinion, that had the case been tried before the Court itself, it would have given a different verdict upon the facts; yet the Jury, in such cases, being the sole judges of the quantum, as well as the force and effect, of the evidence adduced before them, no new trial will be granted.—See *Graham on N. Trials*, 284, 381; 3 *Morgan*, 240; 1 *Wilson*, 22; 3 *Binney*, 317. Nor will a new trial be granted, where there is evidence on both sides, and no rule of Law violated, nor manifest injustice done, although there may appear to have been a preponderance of evidence, against the verdict.—2 *Strange*, 1142. Nor will a new trial be granted, when there have been two concurring verdicts, and no rule of Law violated.—3 *Taunt*. 232; 2 *John. R.* 457; 7 *Wendel*, 270; 3 *J. J. Marshal*, 421; 5 *Mass. R.* 353.

In this case, there being evidence on both sides of the question, submitted to the Jury, and upon which they might have found, either for plaintiff or defendant; and, secondly, there being two concurring verdicts, establishing the freedom of the plaintiff's ward; and, thirdly, there being no rule of Law violated, in the trial of the case, and no manifest injustice done by the verdict, it is the decision of this Court, that a new trial be, and is hereby, refused.